UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALBERTO WILLIAM CORDERO,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. CV 14-09756-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Alberto William Cordero ("Plaintiff") appeals the final decision of the Administrative Law Judge ("ALJ") denying his applications for disability benefits. The Court concludes that the ALJ gave specific and legitimate reasons for rejecting the treating psychiatrist's opinion. The Commissioner's decision is therefore affirmed and the matter is dismissed with prejudice.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed applications for Social Security Disability Insurance Benefits and Supplemental Security Income on November 2, 2011, alleging disability beginning October 14, 2008. Administrative Record ("AR") 25. In an

unfavorable decision, the ALJ found that Plaintiff had the severe impairments of a depressive disorder, alcohol abuse, a substance-induced mood disorder, post-traumatic stress beginning May 2011, and a learning disorder beginning February 2012. AR 27-29. The ALJ found that the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. AR 29-30. After reviewing the medical record, the ALJ then determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work with the non-exertional limitations of performing simple work that requires limited contact with coworkers and no contact with the public. AR 30-37. Based on the testimony of a vocational expert, the ALJ concluded that although Plaintiff was not capable of performing his past relevant work he remained capable of performing work that existed in significant numbers in the local and national economy. AR 38-39. On that basis, the ALJ determined that Plaintiff was not entitled to a finding of disability through May 20, 2013, the date of the ALJ's opinion. AR 39.

## II.

## ISSUE PRESENTED

The parties dispute whether the ALJ properly considered the opinion of Plaintiff's treating psychiatrist when finding that Plaintiff could perform a full range of work with the nonexertional limitations of performing simple work that requires limited contact with coworkers and no contact with the public. Joint Stipulation ("JS") at 4.

## III.

## DISCUSSION

Three types of physicians may offer opinions in Social Security cases: those who directly treated the plaintiff, those who examined but did not treat the plaintiff, and those who did not treat or examine the plaintiff. See 20

C.F.R. §§ 404.1527(c), 416.927(c); <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1996). A treating physician's opinion is generally entitled to more weight than that of an examining physician, which is generally entitled to more weight than that of a non-examining physician. <u>Lester</u>, 81 F.3d at 830. Thus, the ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion or an examining physician's opinion in favor of a non-examining physician's opinion. <u>Orn v. Astrue</u>, 495 F.3d 625, 632 (9th Cir. 2007); <u>Lester</u>, 81 F.3d at 830-31. If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. <u>See Lester</u>, 81 F.3d 821, 830 (9th Cir. 1996) (citing <u>Baxter v. Sullivan</u>, 923 F.3d 1391, 1396 (9th Cir. 1991)). However, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." <u>Thomas v. Barnhart</u>, 278 F.3d 947, 957 (9th Cir. 2002); <u>accord</u> <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1149 (9th Cir. 2001). The factors to be considered by the adjudicator in determining the weight to give a medical opinion include: "[l]ength of the treatment relationship and the frequency of examination" by the treating physician; and the "nature and extent of the treatment relationship" between the patient and the treating physician. <u>Orn</u>, 495 F.3d at 631; <u>see also</u> 20 C.F.R. §§ 404.1527(d)(2)(i)-(ii), 416.927(d)(2)(i)-(ii).

Plaintiff contends that the ALJ erred by giving little weight to the opinions of Plaintiff's treating psychiatrist, Dr. Gustavo H. Vintas. JS at 6. For the reasons set forth below, the Court disagrees.

Dr. Vintas's opinions were contradicted by the opinions of the examining and non-examining doctors. In February 2012, Dr. Bridges, the consulting examining psychiatrist, opined that Plaintiff had at most mild limitations and could be expected to improve with treatment and abstinence

3

from alcohol. AR 278. The State Agency medical consultants determined that Plaintiff could perform simple work that requires limited contact with co-workers and no contact with the public. AR 92-93, 103-04. The ALJ concluded that Dr. Bridges's report "accurately describ[ed]" Plaintiff at the time of the examination. AR 36. But the ALJ adopted the assessment of the State Agency medical consultant as "more consistent" with Plaintiff's longitudinal record. Id. Thus, the Court reviews whether the ALJ gave specific and legitimate reasons for discounting Dr. Vintas's opinion.

As an initial matter, the Court declines to consider the "Mental Work Restriction Questionnaire" completed by Dr. Vintas on August 22, 2013, some three months after the ALJ's decision. See AR 872-78. Nothing in Dr. Vintas's August 22, 2013 opinion indicated that his opinion applied retroactively to the period before the ALJ's decision; indeed, Dr. Vintas did not indicate the date of the most recent examination. Id. Plaintiff's counsel submitted Dr. Vintas's new opinion and other medical records to the Appeals Council on September 20, 2013. See AR 871. When it denied review, the Appeals Council addressed the new information submitted by Plaintiff's counsel by noting that it related to the period after the ALJ's decision. AR 1-4. Because it related to a period not implicated by the ALJ's decision, the Appeals Council was not required to consider it and thus it is not part of this record. See Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1162 (9th Cir. 2012) ("The Commissioner's regulations permit claimants to submit new and material evidence to the Appeals Council and require the Council to consider that evidence in determining whether to review the ALJ's decision, so long as the evidence relates to the period on or before the ALJ's decision."); see also 20 C.F.R. § 404.970(b) ("If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision.").

The Court turns then to the adequacy of the ALJ's rationale for assigning "less weight" to Dr. Vintas's two opinions that were in the record as of the time of the ALJ's decision. Dr. Vintas submitted two different assessments of Plaintiff's condition, a "mental disorder questionnaire form" dated February 2, 2012, AR 264-68, and a "mental residual functional capacity assessment" dated June 5, 2012, AR 470-73. Because the ALJ offered different reasons for giving "less weight" to the opinions reflected in these reports, see AR 35-36, the Court will discuss them separately.

Dr. Vintas's February 2012 report stated that Plaintiff suffered from "impaired" concentration due to "thought blocking." AR 265. Dr. Vintas also reported poor sleep, decreased motivation, and a decreased ability to "sustain work pressures." AR 266, 267. Dr. Vintas noted "no evidence of auditory or visual hallucinations." AR 265.  Dr. Vintas diagnosed Plaintiff as suffering from "[m]ajor depressive disorder, recurrent, severe." AR 268.

The ALJ concluded that the opinions reflected in this report "do[] not merit great weight." AR 36. The ALJ noted that Dr. Vintas's notes reflected "fair sleep" rather than the poor sleep reflected in the report. Id. More importantly, the ALJ noted that Dr. Vintas's clinical notes reflected fair memory and concentration. AR 34, 36. Finally, the ALJ noted that Dr. Vintas had only been seeing Plaintiff for little more than six months at the time of this assessment. AR 36. Each of these reasons is a specific and legitimate basis for discounting Dr. Vintas's opinion. See Orn, 495 F.3d at 631 (holding that factors the ALJ may consider in determining weight given to treating physicians include length of the treatment relationship and consistency of the physician's opinion with the rest of the record); Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (holding that treatment reports inconsistent with treating physician's opinions constituted substantial evidence supporting the ALJ's decision).

Turning to the June 2012 report, Dr. Vintas diagnosed Plaintiff as suffering from major depression, recurrent with psychotic features. AR 470. Dr. Vintas indicated that Plaintiff suffered from marked limitations in the ability to: maintain attention and concentration for extended periods, work in coordination with or proximity to others without being distracted by them, deal with work stressors, interact with supervisors and accept instructions and respond appropriately to criticism from supervisors, and respond appropriate to changes in the work setting. AR 471-72. Dr. Vintas indicated that these limitations had existed since October 2008. AR 473.

The Court finds that the ALJ provided specific and legitimate reasons for assigning little weight to this opinion. AR 37. First, the ALJ noted that Dr. Vintas failed to acknowledge Plaintiff's continued use of alcohol, id., and cited episodes that occurred the same month as Dr. Vintas's assessment, see AR 484 (in June 2012, Plaintiff had a panic incident while he was intoxicated and required hospitalization). At the hearing, Plaintiff acknowledged that he continued to drink "[s]ix or seven beers . . . [t]wo or three times a week." AR 59. Second, the ALJ observed that Dr. Vintas's assessment of marked problems maintaining attention and concentration was contradicted by the clinical notes before and after the date of the assessment, in which Dr. Vintas stated that Plaintiff has fair memory and concentration. AR 37 (citing AR 255-59, 265, 499, 549); see Johnson v. Shalala, 60 F.3d 1428, 1433 (9th Cir. 1995) (doctor's opinion may be discounted or rejected if it is self-contradictory). Third, the ALJ noted that treatment notes from later in 2012 confirmed that clinical evidence was inconsistent with Dr. Vintas's limitations and discussed three specific examples of later notes that contradicted the marked limitations assessed. AR 37; see Valentine v. Commissioner Social Sec. Admin, 574 F.3d 685, 692-93 (9th Cir. 2009) (contradiction between treating physician's opinion and treatment notes constitutes a specific and legitimate reason for rejecting

treating physician's opinion). Fourth, the ALJ opined that the report merits little weight because it is based on a diagnosis of major depression with psychotic features, see AR 470, even though Dr. Vintas consistently documented no evidence of hallucinations or response to internal stimuli, AR 37 (citing AR 255-59, 265, 499, 549); see Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (finding that "[t]he incongruity between [the doctor's opinion] and her medical records provides an additional specific and legitimate reason for rejecting" the treating physician's opinion of claimant's limitations). Finally, the ALJ concluded that because Plaintiff did not start treatment until June 2011, Dr. Vintas's assessment that Plaintiff's limitations had existed since October 2008, without any evidence that he reviewed medical records, "suggests some level of advocacy." AR 37.

In sum, the Court finds that the ALJ offered specific and legitimate reasons supported by substantial evidence in the record for refusing to give Dr. Vintas's opinions controlling weight. See Lester, 81 F.3d at 830-31. Remand is not warranted on Plaintiff's claim of error.

## IV.

## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated:  September 29, 2015

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge